IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-30-D

| | |
|---|---|
| LAWRENCE D. BALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On February 2, 2011, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R"). In that M&R, Judge Daniel rejected all of plaintiff's arguments except plaintiff's argument concerning his alleged illiteracy. See M&R 11–14. Thus, Judge Daniel recommended that plaintiff's motion for judgment on the pleadings be granted, defendant's motion for judgment on the pleadings be denied, and defendant's final decision denying the request for benefits be remanded to permit the Administrative Law Judge ("ALJ") to make more detailed findings regarding claimant's alleged illiteracy [D.E. 37]. Defendant objects to the M&R and argues that a remand is not necessary because substantial evidence supports the ALJ's literacy decision [D.E. 38]. Plaintiff did not respond to the objection.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, the briefs, and defendant's objection. As for those portions of the M&R to which no party objected, the court accepts the recommendation. As for the objection, the regulations define illiteracy to mean "inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1). Judge Daniel noted that the ALJ's decision "recites that Claimant had a high school education and was able to communicate in English, but fails to provide any discussion or analysis of the evidence that would support his conclusion." M&R 11. Thus, Judge Daniel recommended that the case be remanded for a determination as to whether the claimant is illiterate as defined in 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1).

Defendant argues that a remand is not necessary because substantial evidence supports the ALJ's finding that plaintiff is not illiterate as defined in the regulations. Substantial evidence "does not mean a large or considerable amount of evidence." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). The ALJ noted that plaintiff testified that he "graduated from high school and can read some but is unable to spell well or write a letter." R. at 15. The ALJ considered that testimony and the record evidence concerning plaintiff's intellectual functioning (id. at 17–18), and found that plaintiff was literate. See id. at 19. Substantial evidence supports the conclusion that plaintiff is literate. See, e.g., R. at 31–32, 154–55, 158–65. Thus, defendant's objection is sustained.

2

In sum, plaintiff's motion for judgment on the pleadings is DENIED, defendant's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner denying benefits is AFFIRMED.

SO ORDERED. This 9 day of March 2011.

JAMES C. DEVER III
United States District Judge